UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RICK DENLER AND ELIZABETH DENLER, INDIVIDUALLY AND AS HUSBAND AND WIFE | CIVIL ACTION NO. 22-6176 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEICO COUNTY MUTUAL COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 24) filed by Defendant, Safeco Insurance Company of Oregon ("Safeco"), seeking dismissal of all claims filed by Plaintiffs, Rick and Elizabeth Denler ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6). No opposition has been filed, and the deadline to do so has passed. For the following reasons, Safeco's Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a motor vehicle accident that occurred on November 3, 2021 between Plaintiffs and Defendant Chase Ashton Giddings ("Giddings") on Airline Drive in Bossier City, Louisiana. See Record Document 21 at 2. Plaintiffs filed suit against Giddings, his insurer Geico County Mutual Insurance Co. ("Geico"), and Safeco on November 3, 2022. See Record Document 1 at 1. The matter was subsequently removed to this Court in December of 2022. See id.

Plaintiffs' allegations are primarily against Giddings for his negligent operation of a motor vehicle, which caused Plaintiffs' injuries. See Record Document 21 at 4–8. However, Plaintiffs also named Safeco, the "uninsured/underinsured motorist coverage provider" for Plaintiffs, as a defendant "[i]n view of the severity of [Plaintiffs'] injuries, and

1

because the defendant liability insurer has refused to divulge the amount of its insured's policy limit." Id. at 14. Notably, Plaintiffs seem to plead an inconsistency: they allege both that Giddings was uninsured or under insured and that he had a liability policy in place with Geico at the time of the accident. See id. at 14–15. Regardless, Plaintiffs generally allege that they were covered by a Safeco policy providing uninsured motorist ("UM") coverage and that this coverage should apply here because their extensive injuries will exceed any available liability limits from Giddings's policy with Geico. See id.

In its Motion to Dismiss, Safeco argues that merely naming a UM carrier in a Complaint is insufficient to state a viable cause of action against the UM carrier. See Record Document 24-1 at 1. Safeco points to Louisiana law and Fifth Circuit precedent for the proposition that a plaintiff must allege a breach of an insurance policy or provision in order to state a claim against a UM carrier. See id. at 1–2. Because Plaintiffs have not plead any breach by Safeco, nor identified a specific policy provision at issue, Safeco urges this Court to dismiss Plaintiffs' claims under Rule 12(b)(6). See id. at 2.

As noted above, Plaintiffs did not file an opposition to this Motion to Dismiss; it is therefore ripe for a ruling.

**LAW AND ANALYSIS**

**I.     Legal Standard under FRCP 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S.

506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

**II.     Analysis**

In its Motion to Dismiss, Safeco argues that Plaintiffs' "failure to include the essential elements of a UM claim and any allegation of a breach of contract require the dismissal" of all claims filed by Plaintiffs against Safeco. See Record Document 24-1 at 3. This Court agrees and finds that Plaintiffs fail to state a claim upon which relief can be granted against Safeco.

According to Fifth Circuit precedent, "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." Louque v. Allstate Ins. Co., 314 F.3d 776, 785 (5th Cir. 2002). Even if Plaintiffs had alleged any facts showing a breach by Safeco, such facts, "standing alone, are insufficient to state claim for breach of an insurance contract under Louisiana law," without a specific reference to the policy provision that was allegedly breached. See NAZ LLC v. Mt. Hawley Ins. Co., No. CV 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022). Safeco argues, and this Court agrees, that a "UM insurer's obligations to its insured arise solely from the insurance contract between the two parties," and therefore, Plaintiffs must have alleged some error by Safeco with respect to Plaintiffs' specific policy. See Record Document 24-1 at 7; see also Guidry v. State Farm Mut. Auto. Ins. Co., 263 So.3d 943, 948 (La. App. 5 Cir. 12/27/18) ("Therefore, in order to state a cause of action against his UM carrier, an insured must allege in his petition that his UM carrier has somehow breached the insuring agreement."). The absence of both (1) allegations of a breach by Safeco and (2) the specific policy provision that was allegedly breached is fatal to Plaintiffs' claims against Safeco. Simply put, Plaintiffs "do not contend that Safeco has

done anything wrong." Record Document 24-1 at 1. This deficiency entitles Safeco to dismissal of Plaintiffs' claims against it.

Further, as Safeco points out, there are four essential elements for a UM claim, one of which requires proof that "the owner or operator of the other vehicle involved in the accident was uninsured or under insured." Reed v. State Farm Mut. Auto. Ins. Co., 857 So.2d 1012, 1022 (La. 10/21/03). As noted above, Plaintiffs have alleged *both* that Giddings had a liability policy with its insurer Geico *and* that Plaintiffs must name Safeco as a defendant because Giddings's insurance amount is unknown and/or insufficient. See Record Document 21 at 14–15. These internal inconsistencies show that Plaintiffs have not met the minimal pleading burden to state a UM claim against Safeco; at the least, it is unclear whether Giddings was uninsured or under insured. The onus was on Plaintiffs to clarify this issue and state with particularity the basis for their claims against Safeco. This they have not done, and thus, Safeco's Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(6).

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Safeco's Motion to Dismiss (Record Document 24) is **GRANTED**. All claims filed by Plaintiffs against Safeco are **DISMISSED WITHOUT PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of May, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT